```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                         **CRIMINAL NO. 2:18-00166**

**CHRISTOPHER SAUNDERS**

### MEMORANDUM OPINION AND ORDER

In Bluefield, on November 17, 2023, came the defendant, in person and by counsel, Gabriele Wohl; came the United States by Donald Keith Randolph, Assistant United States Attorney; and came United States Probation Officer Mark Ruscello, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on October 11, 2023.  The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant admitted the violations as laid out in Violations Number 2, 3, and 4 of the petition.  With respect to defendant's admissions, the court found the charges were established by a preponderance of the evidence.

As for the contested violation---Violation No. 1 in the petition---the government offered the testimony of Detective Aaron Rickman, Patrolman Andrew Joseph Murphy, and Probation Officer Mark Ruscello as evidence in support of the allegations. After consideration of the evidence, the court found that the allegations in Violation No. 1 regarding the traffic stop on July 21, 2023, were established by a preponderance of the evidence. As for the allegations regarding possession of a stolen motorcycle on August 31, 2023, the court found those charges were not established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was four to ten months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of twenty-four months. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of six (6) months.  Upon release from imprisonment, defendant will serve a term of supervised release of thirty (30) months.  While on supervised release, defendant shall not commit another federal, state or local crime, and shall be subject to the Standard Conditions of Supervision adopted by this court.  All previously imposed conditions of supervision remain in effect and the court imposed the following special condition:

    1)    Upon his release from incarceration, the defendant shall reside at Dismas Charities for a period of six months and shall abide by all the rules and regulations of the facility.

In considering the proper term of imprisonment to be imposed and denying defendant's motion for a variance sentence, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.

The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  The court further concluded that the sentence imposed, especially the stay at Dismas, would provide the substance abuse treatment that defendant needs.

The defendant was informed of his right to appeal.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 4th day of December, 2023.

ENTER:  *David A. Faber*
David A. Faber
Senior United States District Judge